■ ANNA J. FARRONE, Respondent, v CITY OF NEW YORK, Respondent, and KARIM EFAT et al., Appellants. [939 NYS2d 706]—

In an action to recover damages for personal injuries, the defendants Karim Efat and Mustapha Attiq appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), dated July 27, 2011, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Karim Efat and Mustapha Attiq for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The plaintiff alleged that she tripped over a fallen tree limb. It is undisputed that the tree from which the limb fell was a curbside tree owned by the defendant City of New York. The Supreme Court denied the motion of the defendants Karim Efat and Mustapha Attiq (hereinafter together the defendants), abutting landowners, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court's determination was based on Attiq's deposition testimony that he had "dragged the fallen tree limb into the street, into the position in which it was when the plaintiff allegedly tripped over it, because it [had been] blocking the sidewalk." The defendants appeal, and we reverse.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law. Under the circumstances of this case, Attiq did not create a dangerous condition by dragging the tree limb a short distance so that it would no longer block the sidewalk and would instead be entirely within the roadbed (see Bisogno v 333 Tenants Corp. Co-Op, 72 AD3d 555 [2010]; Fotiatis v Cambridge Hall Tenants Corp., 70 AD3d 631 [2010]). In opposition, the plaintiff and the City failed to raise a triable issue of fact.

Accordingly, the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.